# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD DANIEL OTERO,<br><br>*Petitioner*,<br><br>v.<br><br>JAY LANE, et al.,<br><br>*Respondent*. | Civil Action No. 16-287<br><br>ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

Before the Court is the Report and Recommendation ("R&R") [21] of the Honorable Susan Paradise Baxter, United States Magistrate Judge, recommending the grant of Respondent's motion to dismiss of Petitioner's petition for a writ of habeas corpus [18]. Specifically, the R&R states that in May 2011, Petitioner was sentenced in the Court of Common Pleas of Warren County for various state crimes. *Id*. at 1 (citing *Commonwealth v. Otero*, No. 994 WDA 2011 (Pa. Super. Ct. Feb. 7, 2012)). Pursuant to Pennsylvania code, 42 Pa. C. S. § 9545(b)(3), Petitioner's judgment became final on or about March 9, 2012. Doc. 21 at 1-2 (citing *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012), *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000)). Pursuant to 28 U.S.C. § 2244(d)(1), Petitioner had until approximately March 9, 2013 to file his § 2254 petition. Petitioner did not file the instant § 2254 petition until November 2016. Doc. 2. In his petition, Petitioner does not acknowledge—or provide any reason as to why—he did not file his petition earlier. *See id*. Neither is there any unalleged basis, the R&R finds, to equitably toll § 2244(d)(1)'s one-year statute of limitations. Doc. 21 at 3 (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Thus, the R&R recommends dismissing Petitioner's § 2254 petition as untimely, and denying a certificate of appealability. Doc. 21 at 2-5. Petitioner timely filed a document titled "object[ions]"

1

to the R&R. Doc. 22. However, Petitioner's Objections consist of five paragraphs, only one of which mentions the R&R, and none of which address the substance of the R&R. *See id*. Accordingly, Petitioner's Objections do not trigger de novo review. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In any event, the R&R is correct that "[a] 1-year period of limitation," beginning "on the date on which the judgment became final," "shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1)(a). Thus, Petitioner's § 2254 petition is untimely, and, therefore, Respondent's motion to dismiss [18] is GRANTED, and a certificate of appealablity is denied.

**IT IS SO ORDERED**.

DATED this 14th day of February, 2018.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE